IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY C. MOORE,

                          Plaintiff,

    v.

DANE COUNTY CLERK OF COURTS,
DANE COUNTY COURTHOUSE,
HONORABLE JUDGE STEVEN EBERT
and ERIC OCELOTT MONTES (Clerk),

                          Defendants.

ORDER

09-cv-361-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY C. MOORE,

                          Plaintiff,

    v.

GRETCHEN HAYWARD, STATE OF WISCONSIN,
DANE COUNTY, CITY OF MADISON and
DANE COUNTY COURTHOUSE,

                          Defendants.

ORDER

09-cv-363-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

---

[1] I am assuming jurisdiction over these cases for the purpose of issuing this order.

1

RODNEY C. MOORE,

                Plaintiff,

v.

MARK BENNETT, STATE OF WISCONSIN,
COLUMBIA COUNTY COURTHOUSE,
JANE KOHLWAY, MARK LAWTON
and CITY OF PORTAGE,

                Defendants.

ORDER

09-cv-364-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 20, 2009, I issued three separate orders dismissing each of the above-captioned cases because plaintiff Rodney Moore's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Preiser v. Rodriquez, 411 U.S. 475 (1973). On November 2, 2009, plaintiff filed a motion to voluntarily dismiss these three cases. In an order dated January 6, 2010, I denied plaintiff's motion because his explanation (that he attempted to file the motion in July and August 2009 but prison officials stopped him from doing so) was not credible, particularly in light of his other filings in these cases indicating his desire to continue with the litigation. On March 4, 2010, I denied plaintiff's motion for reconsideration of the January 6, 2010 order because plaintiff failed to provide a plausible explanation that was consistent with his other filings in these cases.

Now plaintiff has filed another motion for reconsideration, which I construe as a

2

motion under Fed. R. Civ. P. 59 to alter or amend the judgment.  It seems that he wants the court to reconsider the July 20 orders dismissing his claims.  However, he fails to show why success on his claims would not undermine his conviction or any other reason why Heck and Preiser do not apply.  I also note that it has been almost eight months since judgment was entered in this case, which makes his Rule 59 motion approximately seven months late (under the old version of Rule 59 applicable to this case, plaintiff had 10 days after the July 27, 2009 entry of judgment to file a motion to amend the judgment).  Even if I construed the motion as a Rule 60 motion for relief from the judgment (which allows plaintiff a "reasonable time" to file the motion), he does not raise any of the reasons for relief enumerated in the statute.  Therefore, his motion for reconsideration will be denied.

Plaintiff should be aware that his repeated frivolous post-judgment filings in these cases waste judicial resources.  If plaintiff persists in filing documents in these cases, the clerk of court should route the documents to chambers for a determination whether the subject matter is appropriate for consideration as a post-judgment motion.  If it is not, the document will be placed in the file and it will be given no further consideration.  For the time being, plaintiff is free to file documents in his other cases pending in this court.

ORDER

IT IS ORDERED that plaintiff Rodney Moore's motion for reconsideration in these

3

three cases is DENIED.

Entered this 22nd day of March, 2010.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  BARBARA B. CRABB
                                  District Judge