IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY C. MOORE,

                    Plaintiff,

      v.

DANE COUNTY CLERK OF COURTS,
DANE COUNTY COURTHOUSE,
HONORABLE JUDGE STEVEN EBERT
and ERIC OCELOTT MONTES (Clerk),

                    Defendants.

ORDER

09-cv-361-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY C. MOORE,

                    Plaintiff,

      v.

GRETCHEN HAYWARD, STATE OF WISCONSIN,
DANE COUNTY, CITY OF MADISON and
DANE COUNTY COURTHOUSE,

                    Defendants.

ORDER

09-cv-363-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY C. MOORE,

                      Plaintiff,

      v.

MARK BENNETT, STATE OF WISCONSIN,

ORDER

09-cv-364-bbc

1

COLUMBIA COUNTY COURTHOUSE,
JANE KOHLWAY, MARK LAWTON
and CITY OF PORTAGE,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   On July 20, 2009, I issued three separate orders dismissing each of the above-captioned cases because plaintiff Rodney Moore's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Preiser v. Rodriquez, 411 U.S. 475 (1973).  Plaintiff filed several post judgment motions, which I denied.  I directed the clerk of court to route further submissions in these cases directly to chambers before docketing for a determination whether the subject matter is appropriate for consideration.

   Now plaintiff has filed a motion captioned in each of these three cases titled "Amended reconsideration for removal of strikes on basis of change in law."  Usually, there would be no reason for this court to entertain a stand-alone motion to reconsider the assessment of plaintiff's strikes, particularly where that motion was submitted approximately two years following the denial of plaintiff's final motion for reconsideration and where the strikes determination would have no effect on the cases at issue; each of the above-captioned cases would remain dismissed under Heck regardless whether those dismissals constituted strikes under 28 U.S.C. § 1915.

   However, now that plaintiff has followed up his current motion by filing a new lawsuit in this court, case no. 12-cv-472-wmc, it has become apparent that the three-strike determination may affect plaintiff's ability to litigate that action, so it would be imprudent

2

to deny plaintiff's motion out of hand. Rather, because it is the duty of the judge considering a prisoner's request to proceed in forma pauperis to insure that the prisoner has not struck out under § 1915(g), see, e.g., Evans v. Illinois Dept. of Corrections, 150 F.3d 810, 811-12 (7th Cir. 1998), I conclude that it is appropriate to direct the clerk's office to docket plaintiff's current motion in his new case, for consideration by Chief Judge William Conley.

ORDER

IT IS ORDERED that the clerk of court is directed to docket plaintiff Rodney Moore's motion for reconsideration of the strikes assessed in the above-captioned cases in case no. 12-cv-472-wmc.

Entered this 7th day of August, 2012.

        BY THE COURT:
        /s/
        BARBARA B. CRABB
        District Judge